**WO**

1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   David Green,                        )   No. CV 04-1683-PHX-ROS (ECV)
                                         )
10              Petitioner,              )   **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Dora Schriro, et al.,                )
13                                       )
                Respondents.             )
14                                       )
                                         )
15

16  TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

17                             **BACKGROUND**

18          Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus

19  pursuant to 28 U.S.C. § 2254 (Doc. #1).  In the Maricopa County Superior Court on August

20  9, 2000, pursuant to two plea agreements, Petitioner entered guilty pleas to a total of four

21  offenses in two separate cause numbers.  Doc. #7, Exh. 1-2. Petitioner pled guilty to three

22  counts of burglary with a historical prior felony conviction and one count of burglary without

23  a historical prior felony conviction.  Id.  On October 13, 2000, Petitioner was sentenced to

24  aggravated terms of six years in prison for each of the three burglary counts with a prior

25  conviction and three years for the burglary count without a prior conviction. Doc. #7, Exh.

26  3.  The court ordered two of the six year sentences to run concurrently and the third to run

27  consecutive to the first two.  Id. at 24.  The court ordered the three year sentence to run

28

1    consecutive to the first two six year sentences but concurrent with the third six year sentence.

2    Id.

3    　　　On March 12, 2002, Petitioner filed a Petition for Special Action in the Maricopa

4    County Superior Court challenging the length of his sentence. Doc. #7 at 4. The trial court

5    granted the state's motion to dismiss the petition on November 5, 2002. Doc. #1, Exh. C.

6    Petitioner then filed a Special Action in the Arizona Court of Appeals, which the court

7    denied on March 11, 2003. Doc. #1, Exh. D. Petitioner's subsequent Petition for Review

8    was denied by the Arizona Supreme Court on September 29, 2003. Doc. #1, Exh. G.

9    　　　On August 13, 2004, Petitioner filed his Petition for Writ of Habeas Corpus (Doc. #1)

10   in this court. Petitioner identifies two grounds for relief. First, he alleges that his rights

11   under the Equal Protection Clause have been violated because he is being forced to serve a

12   longer sentence than the one imposed by the court. Second, he alleges that the same

13   circumstances also establish a violation of the Due Process Clause. On October 5, 2004,

14   Respondents filed an Answer to Petition for Habeas Corpus and Motion to Dismiss (Doc.

15   #7). Petitioner then filed a Reply (Doc. #8) on October 20, 2004.

16   **DISCUSSION**

17   　　　Petitioner contends that he is serving a longer sentence than the one imposed by the

18   court. Petitioner claims the sentencing judge intended the sentences to run concurrently but

19   the Arizona Department of Corrections ("ADOC") has executed some of them to run

20   consecutively. Respondents argue that the transcript of the sentencing proceeding clearly

21   shows what the judge intended and that the sentence is being carried out properly.[1]

22

23

---

24   　　　[1] Respondents do not raise a failure to exhaust argument even though it is not at all
     clear that Petitioner first raised his federal claims in state court. See Johnson v. Zenon, 88

25   F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he
     is raising a federal constitutional claim, his federal claim is unexhausted regardless of its

26   similarity to the issues raised in state court."). Because the exhaustion issue has not been
     raised, the court will address the claim on its merits. See 28 U.S.C. § 2254(b)(2) ("An

27   application for a writ of habeas corpus may be denied on the merits, notwithstanding the

28   failure of the applicant to exhaust the remedies available in the courts of the State.").

- 2 -

1   **A.     Legal Standard**

2        Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any

3   claim that was adjudicated on the merits in State court proceedings" unless the State court

4   decision was (1) contrary to, or an unreasonable application of, clearly established federal

5   law as determined by the United States Supreme Court; or (2) based on an unreasonable

6   determination of the facts in light of the evidence presented in the State court proceeding.

7   28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

8   concurring and delivering the opinion of the Court as to the AEDPA standard of review).

9   As to the second prong, "a decision adjudicated on the merits in a state court and based on

10  a factual determination will not be overturned on factual grounds unless objectively

11  unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v.

12  Cockrell, 537 U.S. 322, 340 (2003).

13       The AEDPA further provides that "a determination of a factual issue made by a State

14  court shall be presumed to be correct," and that the habeas petitioner bears "the burden of

15  rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

16  2254(e)(1). "State-court fact-finding may be overturned based on new evidence presented

17  for the first time in federal court only if such new evidence amounts to clear and convincing

18  proof that the state-court finding is in error." Taylor v. Maddox, 336 F.3d 992, 1000 (9th Cir.

19  2004).

20  **B.     Factual Application**

21       Relevant portions of the sentencing transcript attached to Respondents' Answer show

22  that on October 13, 2000, a Maricopa County Superior Court judge held the sentencing

23  hearing in Petitioner's two matters, CR2000-004191 and CR2000-003514. Doc. #7, Exh. 3.

24  In case number 003514, the court found Petitioner guilty of three counts of burglary with a

25  prior felony conviction (Counts 2, 3 and 8). Id.  In case number 004191, the court found

26  Petitioner guilty of Count 1, burglary with no prior felony conviction. Id.  Before imposing

27

28       [2] Antiterrorism and Effective Death Penalty Act of 1996.

- 3 -

1   the sentence, the judge stated, "I do think that the maximum that I can give under this plea

2   agreement is what's called for based upon your prior record and the number of offenses

3   committed here...."  Doc. #7, Exh. 3 at 24.  The judge then sentenced Petitioner to an

4   aggravated term of six years each on Counts 2, 3 and 8. Id. Regarding Count 1 of the second

5   case, the judge sentenced Petitioner to an aggravated term of three years.  Id.  The judge

6   ordered the sentences to run as follows:

7           Counts 2 and 3 of 003514 concurrently with one another, Count 8 is
            consecutive to Counts 2 and 3, and Count 1 of 004191 is concurrent with
8           Count 8 of the other cause number but consecutive to Counts 2 and 3 on the
            other cause number.

9   Id.   The judge further ordered Petitioner to receive credit for 232 days of presentence

10  incarceration on Counts 2 and 3 of 003514.  Id. at 25.

11          The plea agreement for case number 003514 called for Petitioner to receive a sentence

12  of 4.5 to 6 years each on Counts 2, 3 and 8.  Doc. #8, Exh. C.  The plea required the

13  sentences for Counts 2 and 3 to run concurrently but it expressly stated there were "no

14  agreements" about whether the sentence for Count 8 would be consecutive to or concurrent

15  with the other two counts.  Id.  Additionally, the plea agreement in case number 004191

16  stated that if Petitioner was sentenced to prison on Count 1, it must run concurrent with the

17  sentence in Count 8 of 003514, but there were "no agreements" about whether it would run

18  consecutive to or concurrent with Counts 2 and 3 in 003514.  Doc. #8, Exh. D.  Thus, the

19  sentence announced by the judge in the sentencing hearing is authorized by the plea

20  agreements and is consistent with his statement that he wanted to give the maximum allowed

21  by the plea agreements.

22          Petitioner contends that the court's minute entries issued after the sentencing hearing

23  show that the judge intended to run the sentences for all counts concurrently.   In the

24  sentencing minute entry for case number 003514, the sections addressing Counts 2 and 3

25  state that they are to run concurrent to each other and consecutive to Count 8 and Count 1 in

26  case number 004191. Doc. #7, Exh. 4 at 3-4.  However, the section addressing Count 8 states

27  that the sentence is to be *concurrent* to Counts 2 and 3 and *consecutive* to Count 1.  Id. at 5

28

1  (emphasis added).  The sentencing minute entry for case number 004191 states that the

2  sentence for Count 1 is to be **concurrent** with Counts 2 and 3 of 003514 and **consecutive**

3  with Count 8 of 003514.  Doc. #8, Exh. B  (emphasis in original).

4          In a subsequent minute entry dated July 9, 2001, the court denied a request from

5  Petitioner to receive pretrial incarceration credit on Count 8 in case number 003514.  Doc.

6  #8, Exh. F.  The court explained that because Count 8 is to be served consecutively to the

7  counts for which he is receiving pretrial incarceration credit, credit is not to be applied on

8  Count 8.  Id.  On September 11, 2001, Petitioner's counsel wrote a letter to the judge

9  regarding the sentencing minute entry in case number 004191.  Doc. #8, Exh. G.  On

10 November 22, 2001, the court issued an amended minute entry regarding Count 1 of case

11 number 004191. Doc. #8, Exh. H.  It states that the Count 1 sentence is to be concurrent with

12 Count 8 of case number 003514 and that the prior minute entry is otherwise affirmed.  Doc.

13 #8, Exh. H.

14         Petitioner subsequently filed a special action petition in the Maricopa County Superior

15 Court.  The court granted the state's motion to dismiss the petition on November 5, 2002.

16 Doc. #1, Exh. C.  The judge who ruled on the motion stated that he inquired about the

17 sentencing judge's intent at the time of sentencing and it was consistent with the state's

18 position in its motion to dismiss.  Id.  Petitioner then filed a special action petition in the

19 Arizona Court of Appeals.  Doc. #1, Exh. D.  The Court of Appeals rejected Petitioner's

20 contention that ADOC exceeded its authority by extending his sentence.  Id.  Petitioner

21 argued that by not running all the sentences concurrently, ADOC increased his total sentence

22 to 12 years when it should have been 6 years.  Id.

23         The Court of Appeals opinion explains that the description of the sentence for Count

24 8 in the sentencing minute entry "likely gives rise to Green's incorrect belief that the trial

25 court intended that he serve the sentences for Counts 2, 3, and 8 concurrently with each

26 other, thereby resulting in a total sentence of six years for the three convictions instead of 12

27 years." Doc. #1, Exh. D at 2.  The court stated however, that the July 9, 2001 minute entry

28 regarding pretrial incarceration credits and the transcript of the sentencing hearing clearly

1    establish the trial court's intent to run the sentence in Count 8 consecutive to the sentences

2    in Counts 2 and 3.  Id.  The court cited Arizona case law establishing that in the event of a

3    conflict between a sentencing minute entry and the oral pronouncement of the sentence, the

4    oral pronouncement controls.  Id.  Accordingly, the Court of Appeals rejected Petitioner's

5    claim and found that ADOC correctly calculated his sentence.  Id.

6            Applying the relevant legal standard under the AEDPA, this court finds that the state

7    courts' decisions in Petitioner's special action proceedings were not based on an unreasonable

8    determination of the facts in light of the evidence presented.[3]  The court further finds that

9    Petitioner has not rebutted the presumption of correctness that applies to the state courts'

10   factual determinations by clear and convincing evidence.  In granting the state's motion to

11   dismiss Petitioner's special action, the trial court found that the sentencing judge intended the

12   sentence for Count 8 to run consecutively to Counts 2 and 3, resulting in a total sentence of

13   twelve years.  The Court of Appeals reached the same conclusion after finding that the

14   sentencing transcript and a subsequent minute entry regarding pretrial incarceration credits

15   clearly established the sentencing judge's intent.  These findings are fully supported by the

16   state court record and are not at all unreasonable in light of that record.  The inconsistencies

17   in the sentencing minute entries noted by Petitioner are not enough to overcome the

18   presumption of correctness that attaches to the state courts' determinations. Because the facts

19   as determined by the state courts do not establish violations of the Equal Protection or Due

20   Process Clauses, the court will recommend that petition for writ of habeas corpus be denied

21   and dismissed with prejudice.

22   ///

23   ///

24   ///

25   ///

26

27          [3] The "contrary to, or an unreasonable application of, clearly established federal law"
     prong of the AEDPA standard is not applicable here because Petitioner did not raise federal

28   law claims in his state court proceedings.

1  **IT IS THEREFORE RECOMMENDED:**

2      That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

3  be **DENIED** and **DISMISSED WITH PREJUDICE**; and

4      That Respondents' Motion to Dismiss (Doc. #7) be **GRANTED**.

5      This recommendation is not an order that is immediately appealable to the Ninth

6  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

7  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

8  parties shall have ten days from the date of service of a copy of this recommendation within

9  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

10  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

11  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

12  and Recommendation may result in the acceptance of the Report and Recommendation by

13  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

14  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

15  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

16  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

17  recommendation.  See Fed. R. Civ. P. 72.

18      DATED this 26th day of August, 2005.

Edward C. Voss
United States Magistrate Judge